(A.R.D. 272)

STYLES FOR BOYS, INC. } *v.* UNITED STATES
JAMES G. WILEY CO.

Entry Nos. 206587, etc.

## Second Division, Appellate Term

(Decided June 16, 1970)

*Glad & Tuttle* (*Edward N. Glad* of counsel) for the appellants.
*William D. Ruckelshaus*, Assistant Attorney General (*Glenn E. Harris*, trial attorney), for the appellee.

Before RAO, FORD, and NEWMAN, Judges

FORD, Judge: This application for review, covering the appeals for reappraisement listed in schedule "A," annexed hereto and made a part hereof, is directed against the decision of the trial court, *Styles for Boys, Inc., James G. Wiley Co.* v. *United States*, 62 Cust. Ct. 772, R.D. 11617, 295 F. Supp. 282 (1969), which affirmed the appraised value. The appraisements were made on the basis of constructed value as that value is defined in section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165. Appellants herein also contend the basis of constructed value is correct. However, they claim for a value which is higher than as appraised. Ordinarily in reappraisement cases, the importer contends for a lower value. However, statutory language governing the classification of the involved merchandise is based on whether it is valued at not more than $5 per pound which carries the rate of 37½ cents per pound and 30 per centum ad valorem or is valued at more than $5 per pound for which the prescribed rate is 37½ cents per pound and 20 per centum ad valorem. The importer therefore contends the invoiced and entered value, which is higher than the appraised value, is the correct dutiable value.

The parties have stipulated that the merchandise is not on the final list promulgated by the Secretary of the Treasury, 93 Treas. Dec. 14, T.D. 54521. The record includes the testimony of seven witnesses called on behalf of plaintiffs below. Defendant below recalled one of the wit-

nesses called by plaintiffs, as an adverse party, and introduced the testimony of four witnesses on its behalf. In addition to the oral testimony, the record contains numerous documentary exhibits, 24 on behalf of plaintiffs and 18 on behalf of defendant. The decision of the trial court contains an accurate digest of the record and we will, therefore, not unduly lengthen this decision with our own analysis of the record.

In order for appellants to establish a higher dutiable value, it is contended that the cost of "styling and designing" are legitimate costs, properly chargeable to the statutory constructed value. The record establishes "styling and designing" as nothing more than having the knowledge of what will sell in the markets of the United States. The record also establishes the sweaters involved are of the common variety which were ordered prior to the formation of Style Design and Technical Consultants, Ltd., hereinafter referred to as Style Design. There also does not appear to be any dispute that Style Design and the importer are considered related persons under the statute, 402(g), Tariff Act of 1930, as amended, *supra*, and further that the involved importation was a joint venture between Messrs. Taylor, Gonick, Mann and Moss. There is no question that under certain circumstances, the utilization of designs, molds, etc., which resulted in additional costs, could be considered as part of the constructed value. On the record as made, we are not convinced that the "design" and assistance supplied to the factories constituted anything further than a benefit to the advancement of the joint venture and are not as such part of the statutory constructed value.

The whole portion of the argument and briefs relating to whether Style Design was the manufacturer is for the most part only of academic interest. Section 402(d), *supra*, does not refer to the term manufacturers as does section 402a(f)(4), as amended, *supra*, cost of production. Constructed value, 402(d)(2), refers to "producers" and then only with respect to general expenses and profit. In any event, it would appear that the knitting mills are the producers or manufacturers of the sweaters which were sold insofar as the exhibits indicate as follows:

Plaintiffs' exhibit 13 dated 1/31/63 Koon Chuen Kow to Hong Kong Advanced Knitwear Co. (a partnership involving Mr. Taylor and Mr. Gonick).

Plaintiffs' exhibit 14 – an offer of Luxim Knitwear, Ltd., dated 1/24/63 and a confirmation of same dated 1/31/63 to Mr. Taylor.

Plaintiffs' exhibit 15 – a confirmation dated 2/6/63 to Minkap of California, Inc. (Mr. Taylor and Mr. Gonick principals).

Plaintiffs' exhibit 16 – contract of Trimode Knitters, Ltd., dated 2/5/63 to Hong Kong Advanced Knitwear Co.

Plaintiffs' exhibit 17 – confirmation of order by Hong Kong Handicraft Co. dated 4/4/63 to Manholt Trading Co. Ref. to Mr. Taylor and Hong Kong Advanced Knitwear Co.'s letter dated March 25, 1963.

A sale to Manholt is indicated only in plaintiffs' exhibit 17 with reference however to Mr. Taylor's letter dated March 25, 1963.

All of these transactions were before the incorporation of Style Design. It would appear that while Mr. Taylor may have arranged for the yarn it was purchased by the mills at varying prices. In one instance, it does appear that the yarn was to be supplied by the buyer (plaintiffs' exhibit 14), Luxim Knitwear, Ltd. A transaction of this type, whereby sales are made by a knitting mill for sweaters according to sample and where the mill supplies the machinery, labor and material, does not easily lend itself to the theory advanced by appellants that the facilities of the mills were all that was contracted for by Style Design. The record also establishes that neither Mr. Ikuta nor Mr. Hayami was employed by Style Design. The record as a whole does not, to our satisfaction, establish Style Design to be the manufacturer or producer if, indeed, that is necessary in this case.

Since the contracts are between the mills and Mr. Taylor or Hong Kong Advanced Knitwear or Minkap of California, it eludes this court how Manholt could be the seller of goods contracted for by these parties. This is particularly so since Manholt then sold to these same parties who were in a joint venture with Mann and Moss. There is no evidence of sale by them to Manholt Trading Co. We agree with the decision below that Manholt Trading Co. declared itself the seller and invoiced the sweaters at $23 and $24 per dozen to induce customs officials to appraise at the invoiced prices.

We are of the opinion that the well prepared decision below is correct and is hereby affirmed for the reasons set forth therein and as indicated above.

We, therefore, conclude as matters of fact:

1. That the merchandise covered by the consolidated appeals for reappraisement covers single ply, 12-gauge, fur-blend ladies' sweaters in 10 different styles, exported from Hong Kong between June 29, 1963, and September 30, 1963.

2. That the involved merchandise is not on the final list promulgated under the Customs Simplification Act of 1956, T.D. 54521.

3. That the merchandise was appraised on the basis of constructed value, as that value is defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

4. That the firm of Style Design is not the manufacturer or producer of the involved sweaters.

860

5. That the sweaters in question were manufactured by the knitting mills in Hong Kong from whom they were ordered.

6. That the evidence submitted by the appellants in this case is not sufficient to establish that the appraised values were erroneous or to establish some other correct statutory constructed values.

We conclude as matters of law:

1. That constructed value, as defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the merchandise here involved, and

2. That the proper values for the merchandise in question are the values found by the appraiser.

Judgment will be entered accordingly.